Tucker, Richard T., J.
As the parties have submitted and relied upon materials outside of the pleadings, the Court considers this motion as one for summary judgment under Rule 56, Mass.R.Civ.P.
The Court finds that genuine issues of material fact exist as to the issue of the number of employees working for the defendants during the periods in issue. Accordingly, summaiy judgment for defendants of the claims made alleging violations of G.L.c. 15 IB (Counts I and II) based upon a lack of the statutorily required number of employees is DENIED.
Although emotional distress damages are recoverable in claims brought under G.L.c. 15IB (Counts I and II), any independent claim for emotional distress brought against an employer by an employee is barred by the exclusivity of the workers’ compensation statute, G.L.c. 152. Summaiy judgment in favor of defendants of Count V for Intentional Infliction of Emotional Distress is ALLOWED. In this regards, the Court finds that the defendants operate Sturbridge Children’s Dentistiy as a partnership and therefore the claims made against Olga Restrepo and Sturbridge Children’s Dentistiy are both made against employers. Count IV for negligent supervision is similarly barred by G.L.c. 152 and summaiy judgment in favor of defendants on this count is ALLOWED.
I find Count III, brought for wrongful termination, is a permitted alternate pleading to the claims under c. 15 IB and that genuine issues of material fact exist for trial. Thus, summaiy judgment of this count is DENIED.
Plaintiffs are granted leave of 14 days to serve, if they so desire, a motion to amend complaint under Rule 9A to plead additional specificity in Count VI. A ruling on the motion for summaiy judgment on Count VI is therefore RESERVED.